**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

HARRY JACKSON, JR.                                                                    PETITIONER

vs.                                                    CIVIL ACTION NO. 3:05-cv-239 HTW-JCS

MDOC, ET AL.                                                                         RESPONDENTS

### ORDER

Before the court is the motion of the petitioner for an extension of time of twenty days to respond to a Report and Recommendation of the United States Magistrate Judge that was entered in this case on April 4, 2007.  The Report and Recommendation denied the petitioner's claims and directed any aggrieved party to file written objections by April 23, 2007.   On April 24, 2007, the petitioner's request for an extension was file stamped "Received" by the Magistrate Judge.   On May 30, 2007, believing that no response of any sort had been submitted to the court by the petitioner, this court adopted the Report and Recommendation and entered a Final Judgment.  The next day, June 1, 2007, the petitioner's motion for an extension of time to respond was docketed.

On June 18, 2007, the petitioner sought to reinstate this case, noting that the Magistrate Judge's Report and Recommendation was not mailed until April 12, 2007; that the Report Recommendation was received by the petitioner on April 13, 2007; that the petitioner placed his request for an extension of time into the prison mail on April 23, 2007; and that the petitioner submitted his written objections twenty days later on May 14, 2007.   Then, on June 1, 2007, the petitioner says he received this court's

adoption of the Magistrate Judge's Report and Recommendation and the Final Judgment stating that the petitioner had not complied with the Magistrate Judge's directive to submit written objections by April 23, 2007.  This court notes that on June 1, 2007, the petitioner's request for time to respond was docketed for the first time, one day after this court's Final Judgment was entered.  Under these circumstances, this court shall grant the petitioner's request for an extension of time and shall accept the response the petitioner submitted.

Now, after having considered the petitioner's response, this court is persuaded to adhere to its previous adoption of the Report and Recommendation.  The petitioner contends that the evidence presented at his trial was not sufficient to prove all of the elements of the crime.  Thus, the petitioner now seeks to have an evidentiary hearing in this forum under Rule 8(b) of the Rules Governing Section 2254 Cases[1] so that his state court determination can be revisited.  Certainly, this court or the Magistrate Judge may conduct such a hearing and will do so if the hearing will assist this court in ascertaining whether the state court reached an unreasonable determination under either Title 28 U.S.C. § 2254(d)(1) (unreasonable application of law) or (d)(2) (unreasonable determination of the facts)."  *Valdez v. Cockrell*, 274 F.3d 941, 952 (5th Cir.2001), *cert. denied*, 537 U.S. 883, 123 S.Ct. 106, 154 L.Ed.2d 141 (2002).   The Magistrate Judge in this case reviewed the entire state court record and concluded that no unreasonable determination was present in the petitioner's case.  This court agrees with that conclusion.

Review of a criminal conviction record for sufficiency of the evidence does not

---

[1]Rule 8(b) provides in relevant part that, "when designated to do so ... a magistrate may conduct hearings, including evidentiary hearings, on the petition ... ."

require the Magistrate Judge to ask whether he believes that the evidence at the trial established guilt beyond a reasonable doubt.  *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).  Instead, the Magistrate Judge must consider the record through the eyes of a *hypothetical rational trier of fact* who interprets all of the evidence as favorably to the prosecution as any rational fact finder can.  *Jackson v. Virginia*, 443 U.S. at 337.  This inquiry requires the Magistrate Judge to ask whether such a hypothetical rational trier of fact interpreting all of the evidence in this manner could have found the essential elements of the crime beyond a reasonable doubt.  *Jackson v. Virginia*, 443 U.S. at 319;  *Aguilar v. Dretke*, 428 F.3d 526, 534 (5th Cir. 2005), *cert. denied*, --- U.S. ----, 126 S.Ct. 2059, 164 L.Ed.2d 793 (2006).  So, if hypothetical rational triers of fact could disagree as to the interpretation of the evidence presented in the petitioner's case, the rational trier's view of all of the evidence most favorable to the prosecution must be adopted.  *Jackson*, 443 U.S. at 319.  The Magistrate Judge in the instant case applied the *Jackson* standard and concluded that the evidence presented against the petitioner was sufficient to avoid the charge that it was so irrational as to deny the petitioner due process.  This court hereby adopts this view as its own.

     This court has reviewed the petitioner's claim of prosecutorial misconduct and agrees with the Magistrate Judge that the state court's rejection of this claim involved no unreasonable application of any clearly-established United States Supreme Court law.

     Finally, the petitioner's claim that the admission of a prior inconsistent statement made by a witness who testified at the trial and was available for cross examination did

not violate the petitioner's constitutional rights.  *See California v. Green*, 399 U.S. 149, 164, 90 S.Ct. 1930, 1938, 26 L.Ed.2d 489 (1970)( "the Confrontation Clause of the Sixth Amendment does not require excluding from evidence the prior statements of a witness who concedes making the statements, and who may be asked to defend or otherwise explain the inconsistency between his prior and his present version of the events in question, thus opening himself to full cross-examination at trial as to both stories.").

Thus, having stated some of its reasons for doing so, this court hereby adopts once again the Report and Recommendation of the United States Magistrate Judge which denied the petitioner's request for habeas corpus relief.  The petitioner's motion for an extension of time [**Docket No. 29**] is granted.  Inasmuch as this court has reviewed the petitioner's objections to the Report and Recommendation, the motion to reinstate this case [**Docket No. 31**] is terminated as moot.  Once again, the Report and Recommendation of the United States Magistrate Judge is adopted as the Order of this court.  A separate Final Judgment shall be entered by the court.

**SO ORDERED** this the 27th day of February, 2008.

             **s/ HENRY T. WINGATE**
             **CHIEF UNITED STATES DISTRICT JUDGE**

CIVIL ACTION NO. 3:05-cv-239 HTW-JCS
Order